## THE BARGE NO. 127.

(District Court, D. Rhode Island. February 4, 1901.)

### No. 1,084.

1. SALVAGE—ALLOWANCE.

A tug towed a barge lying at a pier out into the river to save her from danger from burning coal pockets. The barge's cargo was in no danger, and the impending damage would probably not have exceeded $5,000. There was evidence that the barge could have been saved harmless, without the tug's interference, though the tug's services were rendered promptly, and when good judgment warranted them. They involved no peril or suffering to the tug's crew, and, while it was stated that the tug's side was blistered, yet the location of the fire, the protection afforded the tug by the intervening barge, and a failure to prove pecuniary damage, made serious injury improbable. Held, that $300 salvage, apportioned $150 to the tug, $60 to her master, and the balance to the crew in proportion to their wages, was proper.[1]

2. SAME—COSTS—EXCESSIVE BOND—EFFECT.

On a libel for salvage the requirement of an excessive bond from claimant should not be permitted to relieve him from costs where the amount appeared to have been agreed on, and the claimant had had an opportunity to apply to the judge for a reduction.

In Admiralty.

Carpenter & Park and Comstock & Gardner, for libelants.

Carver & Blodgett, for claimant.

BROWN, District Judge. This libel is for salvage services rendered by the steam tug George S. Tice, her master and crew, to

---

[1] Salvage awards in federal courts, see note to The Lamington, 30 C. C. A. 280.

the steel whaleback Barge 127, in removing her from proximity to burning coal pockets on the Wilkesbarre pier, in the Providence river, and anchoring her in the stream. Fire broke out in the coal pockets on the pier at about 5:40 a. m., December 18, 1900. Barge No. 127 was lying at the Wilkesbarre pier on the northerly side, heading eastward. Behind her was the barge Felix. The George S. Tice was bound up the river with a barge in tow, and was, nearly abreast of the pier when the fire was discovered. The barge in tow was anchored, and the Tice went to the assistance of the barges at the pier. The Tice first towed the Felix, which was most exposed, into the stream, and then Barge 127. Upon all the evidence I am of the opinion that the peril to which the Barge 127 was exposed when the Tice made fast to her was merely to damage which would not have exceeded the sum of $5,000 had she remained at the pier. Her cargo was in no danger. Furthermore, there is evidence both from those on the barge and from the agent of the Wilkesbarre pier, to which I must give weight, that, without the assistance of the tug, the barge could have been moved, before the fire could have reached her, to the easterly end of the pier, and breasted out; so that it is highly probable that the actual damage would have been slight. I am not satisfied that the libelants have sustained the allegation of the libel that, without the services of the George S. Tice, the barge would have received serious damage. Nevertheless, the services were rendered promptly, and when it was apparently good judgment to remove the barge to the stream. I do not find that the services rendered the Barge 127 involved any peril or suffering to the crew of the Tice, nor do I think that the Tice was seriously exposed to injury. Her entire length was protected by the steel barge, some 36 feet in beam, which was between the tug and the fire. Furthermore, the fire was at some distance from the edge of the pier and at a considerable height above the pier. If the libelants desired to rely upon any actual damage to the tug, this should have been proved in a definite form. The failure to prove the pecuniary amount of the damage to the tug, together with the fact that the tug had previously been working upon the Felix, which was much more seriously exposed to the fire, renders it impossible to attach much significance to the general statement that the tug was blistered on her starboard side. It seems improbable that she could have been blistered seriously while under the side of the barge. I am of the opinion that a fair compensation for the services is the sum of $300,—$150 to the tug, $60 to the master, and the balance to be apportioned among the crew according to their wages.

It was suggested at the hearing that no costs should be allowed, for the reason that an excessive bond had been required; but, as the amount seems to have been agreed upon, and as the claimant was at liberty to apply to the judge, who was then present, for a reduction, I do not think that this should affect the costs of the case.

A further suggestion was made at the hearing that the claimant had offered in satisfaction a sum larger than that now found to

be due by the court. This fact was not admitted by counsel for the libelants, and the claimant was not ready with proof thereon. Leave is given to the parties to present further evidence as to a tender, affecting the question of costs.